The deceased, August Liebenwald, executed a will at Odessa, Washington, on the 23d day *Page 27 
of April, 1907, wherein he gave all his property to his son, Paul Liebenwald, of Nue Glietzen, Germany, with the exception of $10 to each of his other heirs. Soon thereafter he left for Germany and resided there until his death on November 23, 1916. While in Germany, on February 17, 1911, he made another will as follows:
"I hereby appoint my lawful son, Paul Liebenwald, the landlord in Nue Glietzen, as my sole and only heir.
"Nue Glietzen, February 17th, 1911, (No witnesses) "Signed: August Liebenwald."
On November 22, 1921, the German will was offered for probate in the German court at Nue Glietzen, Germany, and Paul Liebenwald was determined to be the sole legatee under the terms of the will. All the proceedings in the German courts are certified from the first trial before the probate judge at Nue Glietzen, Germany, to the Minister of Justice of Germany at Berlin and by the American Vice Counsel residing in Berlin. A power of attorney duly authorized the attorney for respondent to obtain the probate of the estate of the deceased at Odessa, Lincoln county, Washington, and he nominated R.L. Green, respondent herein, and a petition for letters of administration of the German will was duly filed. Appellant, Vincent Sommers, intervened as a partner, agent and friend of the deceased and asked to have the American will probated. The trial court found in favor of the German will and appointed respondent administrator with the will annexed. From the order and judgment, this appeal is taken.
It appears that appellant and deceased had jointly owned many acres of land near Odessa, Washington. Appellant instituted a suit for partition and the land of deceased was sold for about $6,000. Three thousand *Page 28 
dollars cash was paid into the registry of the court and a promissory note, signed by appellant, for $2,967, due on demand, at six per cent, was given in payment of the balance of the purchase price. This is the only property belonging to the estate in the state of Washington.
It is contended by appellant that the deceased was a citizen of the United States and was only on a visit to Germany; that he was not a citizen of Germany, and therefore the will executed in Germany would be invalid because it did not comply with the laws of this state. The record fails to show that deceased was a citizen of the United States. The certified records of the probate proceedings in the German court show that he was a citizen of Germany at the time of his death.
Our statute provides that:
"Every will shall be in writing signed by the testator or the testatrix, or by some other person under his or her direction in his or her presence, and shall be attested by two or more competent witnesses, subscribing their names to the will in the presence of the testator by his direction or request: Provided,however, that a last will and testament, executed without thisstate, in the mode prescribed by law, either of the place whereexecuted or the testator's domicile, shall be deemed to belegally executed, and shall be of the same force and effect as ifexecuted in the mode prescribed by the laws of this state." Rem. Comp. Stat., § 1395 [P.C. § 10022].
"Wills probated in any other state or territory of the United States, or in any foreign country or state, shall be admitted to probate in this state on the production of a copy of such will and of the original record of probate thereof, authenticated by the attestation of the clerk of the court in which such probation was made; or if there be no clerk, by the attestation of the judge thereof, and by the seal of such officers, if they have a seal." Rem. Comp. Stat., § 1392 [P.C. § 10044]. *Page 29 
Under § 1395, supra, the German will is valid if executed in the manner prescribed by the law of Germany. Under § 1392,supra, the will was properly admitted upon the production of the copy of such will and of the probate record duly authenticated.
There is a presumption of regularity in a court proceeding, whether the court is one of general, inferior or special jurisdiction, even though the court is one of a foreign country.
"There is always a presumption of regularity with reference to the proceedings of a judicial tribunal, although such presumption cannot be carried to the extent of being made to contradict the record itself. The presumption of regularity is the same whether the court is one of general, or inferior, limited, or special jurisdiction, and even though the court is one of a sister state or foreign country." 22 C.J. 128.
The trial court properly admitted the German will to probate.
The judgment is affirmed.
MAIN, C.J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur. *Page 30